IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IRENE R. DANIELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1023-GMS-MPT |
| ) | |
| CAROLYN COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

**I. INTRODUCTION**

Plaintiff, Irene R. Daniello ("Daniello"), appeals the decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"),[1] denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This court has jurisdiction pursuant to §§ 405(g).

Presently pending before the court are Magistrate Judge Thynge's Report and Recommendation, (the "R&R"), dated June 3, 2013 (D.I. 23); and Daniello's Objections to the Report and Recommendation (D.I. 24). For the reasons below, the court will overrule Daniello's objections and adopt the R&R. Thus, the court will deny Daniello's motion for summary judgment (D.I. 16) and grant the Commissioner's cross-motion for summary judgment (D.I. 18).

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 13, 2013, after this proceeding was initially filed. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure Carolyn W. Colvin replaced the previous Commissioner, Michael J. Astrue, as the defendant in this case.

## II. BACKGROUND

Daniello applied for DIB on July 14, 2006. Daniello alleged her disability began July 7, 2006 due to mild scoliosis, herniated discs, and a recent heart attack with stent placement. Her claim was initially denied on July 6, 2007, and upon reconsideration on September 13, 2007. Daniello subsequently filed a written request for a hearing on September 18, 2007. A hearing before Administrative Law Judge ("ALJ") Edward J. Banas was conducted on June 26, 2008. (D.I. 10 at 31–70.) Daniello, represented by counsel, testified at the hearing. Also appearing and testifying was the Vocational Expert ("VE") Diana Sims as well as Daniello's husband and sister. After Daniello raised a previously undisclosed claim of depression, the ALJ ordered she undergo a psychological exam following the hearing. This consultative examination was conducted by psychologist, Joseph Keyes, Ph.D., on July 25, 2008. (D.I. 11 at 684–93.)

A supplemental hearing was conducted by ALJ Banas on January 8, 2009. (D.I. 10 at 71–88.) During this hearing, impartial medical expert, Hillel Raclaw, Ph.D, testified via telephone. Daniello and her husband also testified. Thereafter, Daniello's attorney submitted written interrogatories for Dr. Keyes to clarify his report, which were answered on February 18, 2009, and the record was closed. (D.I. 11 at 750–55.) On March 27, 2009, the ALJ denied Daniello's claims, finding she was not considered disabled under sections 216(I) and 223(d) of the Act. (D.I. 10 at 136–52.) The ALJ determined that after consideration of the entire record, Daniello had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except that she occasionally needed to change positions, and is limited to simple, routine work due to pain and depression. (*Id.* at 144.)

Daniello filed a request for review of that decision, which was granted by the Appeal Council on November 23, 2009. (*Id.* at 153–57.) The hearing was originally scheduled for

August 11, 2010, but did not proceed as Daniello objected to the medical advisor testifying by phone during the hearing. (*Id.* at 89–93.) The hearing before ALJ Banas occurred on November 4, 2010. (*Id.* at 94–133.) Present at the hearing were Daniello and her counsel, Sims, and the medical expert, Dr. Raclaw, who was permitted to testify by telephone over Daniello's objection.

On December 16, 2010, the ALJ issued a written decision denying Daniello's application for DIB. Specifically, the ALJ found that while her medically determinable impairments could reasonably produce the alleged symptoms, Daniello's statements regarding their intensity, persistence and limiting effects were not credible to the extent that they were inconsistent with the residual functioning capacity assessment. (*Id.* at 16.) As a result, the ALJ held Daniello was not disabled under sections 216(I) and 223(d) of the Act.

Daniello's subsequent appeal to the Appeal Council was denied on June 12, 2012. Consequently, the December 16, 2010 ALJ decision is the final decision of the Commissioner.[2] Seeking judicial review of that decision, on February 22, 2013, Daniello moved for summary judgment in the District Court of Delaware. (D.I. 16.) Defendant filed a cross-motion for summary judgment.[3] (D.I. 18.)

### III. STANDARD OF REVIEW

The district court, upon objections being made to the Magistrate Judge's R&R in a social security disability proceeding, will undertake a *de novo* review of the recommendations to which the objection(s) was made. *See* 42 U.S.C. § 636(b)(1)(B); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The court may accept, reject, or modify the recommendations of the magistrate judge. FED. R. CIV. P. 72(b)(3). The court also may receive further evidence or return the matter

---

[2] The ALJ's 2009 decision was incorporated by reference into the final decision. (D.I. 10 at 21–22.) As such, the court refers to both of the ALJ's decision in considering the issues.

[3] The court adopts the Background section found in Chief Magistrate Judge Thynge's R&R and finds it unnecessary to rewrite subsections contained therein which thoroughly detail Daniello's medical history, condition and treatment.

3

judge. FED. R. CIV. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.* The court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." *See* 42 U.S.C. § 405(g); *Monsour Md. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence" means less than a preponderance of the evidence but more than a mere scintilla of evidence. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining whether substantial evidence supports the Commissioner's findings, the court may not undertake a *de novo* review of the Commissioner's decision and may not re-weigh the evidence of record. *See Monsour*, 806 F.2d at 1190. The court's review is limited to the evidence that was actually presented to the ALJ. *See Matthews v. Apfel*, 239 F.3d 5989, 593-95 (3d Cir. 2011). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Pysher v. Apfel*, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citations omitted).

## IV. DISCUSSION

Daniello makes three objections. First, Daniello argues that the ALJ failed to properly consider or weigh all pertinent, favorable evidence. Second, Daniello argues that the ALJ failed to properly evaluate the opinion of her treating physician. Third, Daniello argues that the ALJ and Magistrate Judge Thynge point to no substantial evidence which supports a finding that Daniello is not fully credible concerning her condition.

4

### 1. The ALJ Properly Considered All Pertinent Evidence.

As Magistrate Judge Thynge identified, substantial evidence has been defined as less than a preponderance, but "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (D.I. 20 at 13 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).) The court finds that substantial evidence supports the ALJ's determination.

In evaluating symptoms, the ALJ must "consider all . . . symptoms, including pain." 20 C.F.R. § 404.1529(a). The ALJ must also determine whether such symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Smith v. Astrue*, 2009 WL 5126559, at *3 (3d Cir. Nov. 10, 2009) (quoting 20 C.F.R. § 404.1529(a)). As the factfinder, the ALJ is given considerable discretion in making credibility findings. *See Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). Once it is determined that an impairment "could reasonably be expected to produce . . . symptoms, such as pain," its intensity and persistence must be evaluated to determine the effect on the ability to work. 20 C.F.R. § 404.1529.

Daniello argues that the ALJ failed to consider or weigh all pertinent evidence favorable to a finding of disability; specifically, evidence of Daniello's back pain. (D.I. 24 at 1.) Daniello argues that "the ALJ failed to mention most of the evidence, and what was mentioned was not analyzed or discussed." Daniello also claims that the ALJ did not mention Dr. Eppley's treatment notes and a recommendation to consider surgery and asserts that this omission "means [the ALJ's] decision should be reversed." (D.I. 24 at 4–5.) The court found reference in both the ALJ and the R&R to Dr. Eppley's treatment and suggestion to consider surgery. (D.I. 10 at 16; D.I. 23 at 11–12.) Daniello's arguments to the contrary are unfounded.

The ALJ conducted a similarly thorough review of Daniello's treatment and the objective

5

medical evidence related to her back pain. The ALJ noted the generally conservative regimen of medication and injections administered by Dr. Mavrakakis and her documentation of generally only mild or moderate findings. (*Id.* at 17–18). Throughout the relevant period Dr. Mavrakakis often noted that Daniello had no, mild, or only moderate lumbar or sacroiliac joint pain tenderness or pain on physical examination. (D.I. 11 at 637, 634–36, 639, 641, 648–49, 651–53, 695–96, 698–700, 718–19, 863, 865, 868–70, 873, 875–76, 906, 914, 918, 920, 996, 975, 978, 989, 993). Daniello also often stated that she was doing "well," okay," or "alright." (*Id.* at 636, 638–39, 649, 651–52, 654, 865–66, 696, 698–99, 701, 718, 868, 876, 967, 975.) Daniello reported to Dr. Mavrakakis that she was "doing well" as late as July 26, 2010, at an appointment where Dr. Mavrakakis documented that she had no changes on physical examination since a finding of only mild-to-moderate left L5-S1 tenderness on June 2, 2010. (*Id.* at 967–70.)

Magistrate Judge Thynge described the ALJ's consideration of the objective evidence and treatment records as "exhaustive." (D.I. 23 at 29.) The court agrees. The ALJ did not summarily consider Daniello's medical records nor did he brush aside her testimony. As such, there is no reason to reverse the opinion of the ALJ on this ground.

2. **The ALJ's Properly Considered the Opinion Testimony and Treatment Notes of the Treating Physician.**

Daniello argues that the ALJ improperly gave her treating physician's opinion—Dr. Mavrakakis—only "some weight" when it was entitled to controlling weight.

A treating source's opinion on the nature and severity of the claimant's impairment will be given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). If the ALJ finds there is insufficient evidence to give a treating physician's opinion controlling weight, the opinion is not automatically rejected.

6

*Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 660 (D. Del. 2008). "[T]he ALJ must still carefully evaluate how much weight to give the treating physician's opinion." *Id.* The ALJ must consider: "[the] treatment relationship, length of treatment relationship, frequency of examination, nature and extent of the treatment relationship, supportability of the opinion afforded by the medical evidence, consistency of the opinion with the record as a whole, and specialization of the treating physician." *Id.* (citing C.F.R. § 404.1527(d)(2)-(6)). A treating physician's opinion may still be accorded "great weight" if the opinion "reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted).

The ALJ concluded that Dr. Mavrakakis's assessment of disabling limitations was not consistent with the evidence of record nor her own treatment notes. (D.I. 10 at 21–22, 148–49.) Throughout the relevant period Dr. Mavrakakis often documented findings of no more than moderate pain or tenderness and Plaintiff often reported to Dr. Mavrakakis that she was "well," okay," or "alright." (D.I. 11 at 636, 638–39, 649, 651–52, 654, 865-66, 696, 698–99, 701, 718, 868, 876, 967, 975). Dr. Mavrakakis's opinion was also inconsistent with Daniello's activities. (D.I. 10 at 37, 122; D.I. 11 at 915, 990.) In addition, Dr. Mavrakakis's opinion lacked supporting evidence and her treatment notes do not support an assessment of disabling limitations. (D.I. 11 at 719, 875.)

The court concludes that substantial evidence including Dr. Mavrakakis's own treatment records documenting generally no more than moderate pain and tenderness support the ALJ's finding that Dr. Mavrakakis's opinion was due only some weight. In the R&R, Magistrate Judge Thynge determined that the ALJ's decision not to afford controlling weight to Dr. Mavrakakis's opinion was supported by substantial evidence. The court agrees with this conclusion.

7

### 3. Substantial Evidence Supports the ALJ's Decision to Give Limited Weight to Daniello's Statements.

Daniello argues that the ALJ erred in finding her testimony concerning her pain and limitations not fully credible. (D.I. 17 at 16–17; D.I. 22 at 1–2.)

In evaluating the credibility of a claimant's subjective complaints, the ALJ considers the conflicts between the claimant's statements and other evidence, including her medical history, medical symptoms and laboratory findings, and statements by the medical sources. 20 C.F.R. §§ 404.1508, 404.1529(c)(4), 416.908, 416.929(c); *see also Schaudeck v. Comm'r*, 181 F.3d 429, 433 (3d Cir. 1999). A claimant's allegations alone will not establish that she is disabled, and an ALJ need not accept subjective complaints unsupported by the medical evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). Although the ALJ must seriously consider a claimant's subjective complaints, it is within the ALJ's discretion to weigh such complaints against the medical evidence and to reject them. *Schaudeck*, 181 F.3d at 433.

The ALJ determined that neither the medical evidence pertaining to Daniello's heart problems nor her back impairment supports her allegations regarding the severity or disabling nature of her physical limitations. The ALJ compared treatment records from Dr. Ramos and Dr. Mavrakakis against Daniello's testimony. The ALJ noted that there are no clinical findings related to weakness or loss of range of motion in her back. Dr. Mavrakakis' progress notes show that Daniello's examination findings were typically "minimal" or "mild" sacroiliac joint tenderness with occasional "mild" lumbar spasm. The ALJ found, although Daniello's "medically determinable impairments could reasonably . . . cause the alleged symptoms," her statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible" because they were inconsistent with the RFC assessment. (D.I. 10 at 16.) The Magistrate Judge found that this determination was based on substantial evidence in the record.

(D.I. 23 at 27.) The court agrees and finds no reason to disturb the findings of the ALJ.

Magistrate Judge Thynge described the ALJ's consideration of the objective evidence and treatment records as "exhaustive." (D.I. 23 at 29.) The court agrees. The ALJ did not summarily consider Daniello's medical records nor did he brush aside her testimony. The ALJ cited substantial evidence supporting a finding that Daniello's allegations of disabling symptoms were not fully credible. (D.I. 10 at 16–19.) The ALJ supported his conclusion with specific findings that provided support for his conclusion that Daniello's testimony was inconsistent with the objective medical evidence. The R&R documents these inconsistencies and provides numerous examples of Daniello's statements contradicting the objective evidence. (D.I. 23 at 28–30.) Accordingly, the ALJ's finding that Daniello was partially credible was supported by substantial evidence including Daniello's treatment regimen, objective medical evidence, and credible medical evidence.

V. **CONCLUSION**

After having reviewed the record in this case, the June 3, 2013 R&R, the parties' submissions, and the applicable law, the court finds that the Magistrate Judge committed no factual or legal error in reaching her conclusions. Magistrate Judge Thynge correctly determined that the court should deny Daniello's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

Accordingly, the court fully adopts the rationale set forth by Magistrate Judge Thynge in her June 3, 2013 R&R, and will overrule Daniello's objections.

Dated: _August 20_, 2015

_____
UNITED STATES DISTRICT JUDGE